### MRS. ANNIE U. STEWART VS. W. S. LOGAN, SHERIFF, ET AL.

MAYO, J. Although a literal construction of articles 2402 and 2334, C. C., would preclude either husband or wife from acquiring separate property by purchase during marriage, yet it is well settled that the wife can invest and re-invest her paraphernal funds by purchases made during the existence of the marriage, and that such purchases will not fall into the community.

2. Where it is shown that the wife had sufficient funds to pay for property bought in her name, it need not be shown that her identical money paid for the same in order to make it paraphernal property. 5 A. 116; 1 R. 367; 17 L. 300.

3. When the husband, as agent for his wife and her co-heirs, collects money from her mother's estate and places the money in bank to his own account, and pays for mules by checks on the

bank drawn in his own name, and the wife swears she authorized him to buy the mules for her, they will become her individual property.

4. The wife may resume the administration of her separate property at any time, without an order of Court or formal declaration to that effect; the investment of her paraphernal funds by her direction is a *pro tanto* resumption of administration.

5. Where a wife sues her husband for a separation of property and for a moneyed judgment against him, but does not claim to be owner of any separate property, she will not be estopped from afterwards claiming that at the time she filed her suit she did own certain property. The decisions in 8 A. 465. and 25 A. 223, apply only to moneyed demands. There is no law requiring the wife to set forth in her petition for separation what property she owns, and her omission to do so cannot affect her title.